UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ORVIN D. THOMPSON, JR.,

    Plaintiff,

v.

THE ART INSTITUTE INTERNATIONAL
MINNESOTA OWNERS OF FOR PROFIT
COLLEGE,

    Defendant.

---

Civil No. 11-3033 (DSD/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff is attempting to sue a Defendant identified as "The Art Institute International Minnesota Owners Of For Profit College."[1] The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

---

[1] The caption of Plaintiff's complaint lists only the one Defendant identified in the text, but the "Parties" section of the complaint lists three different Defendants – "President of A.I. International," "Dean of A.I. International," and "Dave Wilharm/Former Academic Chair D.F.V.P." (Complaint, [Docket No. 1], p. 2, "Parties," ¶ 2.) It is unclear whether Plaintiff actually is attempting to sue any of these other three parties. However, there is no need to resolve that uncertainty here, because Plaintiff has, in any event, clearly failed to state any actionable claim against any of them. Indeed, none of these other three parties is even mentioned in the "Statement of Claim" section of Plaintiff's complaint.

> "After recieving [sic] my associates degree in video production at the Art Institute of Colorado, I returned to Minnesota and enrolled in A.II Mn, [presumably the named Defendant] because I'm from here.  They didn't have a digital film program in place so they offered me V.F.X. credits and claimed it would flow toward my B.A. in Film.  After many quarters I returned to Denver.   They had a digital film B.A. so I got some credits there.  I then returned to Minnesota after exausting [sic] myself in Colorado. D.F.V.P. was still not up and running, but I re-entered and built up more loans.   The A.II Int. traded me 2 for 1 on classes I passed previously in CO. and MN.   Then my stafford loans ran out and my bill was over $100,000.00 and no B.A."

(Complaint, [Docket No. 1], p. 4, "Statement of Claim," ¶ 7.)

Based on these few barebones allegations, Plaintiff is seeking a judgment against Defendant in the amount of $3,000,000.00 to pay back loans, and to compensate him for "ten years of waisted [sic] time."   (Id., p. 4, "Request for Relief.")

The Court finds that Plaintiff's current lawsuit must be summarily dismissed, because he has not shown that there are any grounds for federal subject matter jurisdiction.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case."   Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte."   Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."   (Emphasis added.)

Here, Plaintiff asserts that federal subject matter jurisdiction exists under the

2

"Federal Question" statute, 28 U.S.C. § 1331, because his claims against Defendant are based on federal law or the federal Constitution.   However, Plaintiff has not actually cited any federal constitutional provision, any federal statute, or any federal principle, theory or doctrine, on which his lawsuit is based.   The "Jurisdiction" section of Plaintiff's complaint merely states: "Federal student loans/ state funding and accreditation/ Private creative education loans co-signed by Mary Francis Thompson."   (Complaint, p. 3, "Jurisdiction," ¶ 3.)   This inscrutable statement does <u>not</u> describe any colorable grounds for federal subject matter jurisdiction.

Plaintiff appears to be alleging that Defendant wrongly induced him to enroll in an education program, by making false or misleading statements about the program.   Such allegations <u>might</u> support a lawsuit based on some type of <u>state</u> common law tort theory, (e.g., fraud).   But again, Plaintiff has not identified any <u>federal</u> law on which his current lawsuit could be based.   Therefore, Plaintiff has failed to show the existence of a federal question giving rise to federal subject matter jurisdiction.[3]

Because there are no discernible grounds for federal subject matter jurisdiction in this case, the Court will recommend that Plaintiff's IFP application be denied, (<u>see</u> 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).[4]

---

[3]   The Court also notes that subject matter jurisdiction cannot exist under the "Diversity of Citizenship" statute, 28 U.S.C. § 1332, because Plaintiff's submissions clearly indicate that both Plaintiff and Defendant are Minnesota residents.

[4]   The Court's recommendation does not necessarily mean that Plaintiff has no legal recourse for the grievances described in his complaint.   Plaintiff could, perhaps, seek relief in <u>state</u> court, based on some state common law tort theory.   However,

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of jurisdiction.

Dated:   December 1, 2011

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 19, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

Plaintiff's current complaint leaves much to be desired.  If this pleading were to be filed in state court, Plaintiff would be in jeopardy of having his claim dismissed for failure to state a cause of action on which relief could be granted.  Therefore, Plaintiff is strongly encouraged to seek legal assistance before pursuing any other court action against Defendant.